[724 NYS2d 891]

In the Matter of STEWART N. ALTMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 14, 2001

## APPEARANCES OF COUNSEL

*Grace D. Moran,* Syosset (*Elizabeth A. Grabowski* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated January 27, 2000, containing two charges of professional misconduct. After a hearing on May 30, 2000, the Special Referee sustained both charges. The petitioner now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent has neither cross-moved nor submitted any papers in response to the petitioner's motion.

Charge One alleges, *inter alia,* that the respondent has been convicted of a series of alcohol-related offenses. The respondent was arrested on March 22, 1996, and again on August 24, 1996. On September 30, 1996, the pending charges were resolved in a bargained-for disposition in the First District Court of Nassau County (Roy S. Mahon, J.). The respondent pleaded guilty under Indictment No. 13798/96 to unlawful possession of marihuana (*see,* Penal Law § 221.05), and to a reduced and amended charge of driving while ability impaired by alcohol (*see,* Vehicle and Traffic Law § 1192 [1]). The remaining charges therein were dismissed. As to Indictment No. 26290/96, the respondent pleaded guilty to driving while intoxicated (*see,* Vehicle and Traffic Law § 1192 [3]).

On December 9, 1996, the respondent appeared before the Honorable Jerald S. Carter and, *inter alia*, was sentenced under Indictment No. 26290/96 to a conditional discharge, fined $500, and had his driver's license revoked for six months. As to Indictment No. 13798/96, the respondent was sentenced to a conditional discharge and fined $300.

At approximately 11:55 A.M. on May 30, 1998, the respondent was arrested and charged with driving while intoxicated as a felony (*see,* Vehicle and Traffic Law § 1192 [3]). He was subsequently indicted in Nassau County under Indictment No. 2914N/98. On May 12, 1999, the respondent pleaded guilty in County Court, Nassau County (DeRiggi, J.), to driving while intoxicated as a misdemeanor, in satisfaction of the indictment.

On August 23, 1999, the respondent was sentenced to a term of probation of three years, with alcohol and therapy conditions, and 60 days incarceration to be served intermittently on consecutive weekends. He was also fined $1,000, assessed an administrative fee of $1,080, and had his driver's license revoked for one year.

Charge Two alleges that the respondent failed to file the record of his earlier conviction for the crime of driving while intoxicated with the Court within 30 days, in violation of Judiciary Law § 90 (4) (c).

Based on the evidence adduced, the Special Referee properly sustained both charges. The petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered that the respondent has cooperated and shown progress toward rehabilitation, his clients were not damaged, and his professional activities were not impaired. The Special Referee commended the respondent for not offering excuses for his actions, for recognizing the severity of the problems that he has caused, and for dealing with those problems in a sincere and dedicated manner.

The respondent's disciplinary history consists of a letter of admonition dated September 20, 1996. By decision and order dated January 13, 1999, the Court ruled that the respondent's initial conviction of driving while intoxicated did not constitute a serious crime, referred the matter back to the petitioner for consideration with the then pending felony charge, and directed the petitioner to refer the respondent to the New York State Bar Association Lawyer Assistance Program.

Under the totality of circumstances, the respondent is censured for his professional misconduct.

BRACKEN, P. J., O'BRIEN, RITTER, SANTUCCI and KRAUSMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Stewart N. Altman, is censured for his professional misconduct.